UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
February 10, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

| | |
|---|---|
| MILTON YOBANY ALVARADO-OCHOA, | § |
| Petitioner, | § |
| v. | §  NO. SA-26-CV-00423-OLG |
| PAMELA BONDI, U.S. Attorney General, *et al.*, | § |
| Respondents. | § |

# ORDER

Before the Court in this habeas proceeding is Petitioner Milton Yobany Alvarado-Ochoa's Motion for Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction, filed January 26, 2026. The Motion (Dkt. No. 2) is **DENIED** for the following reasons.

"A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief, which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (citation modified). "The Court may issue a preliminary injunction if the movant establishes (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest." *Id.* at 645. Petitioner cannot meet the first or second elements.

First, the Fifth Circuit recently rejected the argument that 8 U.S.C. § 1226(a) governs the detention of aliens, like Petitioner, who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled and are presently detained during the pendency of their removal proceedings. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th

---, 2026 WL 323330 (5th Cir. Feb. 6, 2026); (*see also* Dkt. No. 2 at 2; Dkt. No. 7 at 2.) Additionally, although there are constitutional limitations on the permissible length of detention for aliens subject to a final order of removal, that is because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). "Detention during removal proceedings," however, "is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 530. As such, any duration-based claim is unavailing here because Petitioner's detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *See Maramba v. Mukasey*, No. 3:08-CV-0351-K, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008) (finding "continued detention under § 1226(a)" did not "raise[] due process concerns" because it "ha[d] a definite termination point and, thus, [was] neither 'indefinite' nor 'potentially permanent.'") (quoting *Zadvydas*, 533 U.S. at 527–28).

Second, to the extent Petitioner seeks an injunction preventing the execution of his not-yet-final removal order, he has not demonstrated, or even asserted, that there is a substantial threat that this harm will occur. (*See* Dkt. No. 2 at 6–7, 8.) In other words, there is no basis for the Court to find that there is any threat, much less a substantial one, that Respondents will execute Petitioner's removal order while it is on appeal to the BIA.

It is so **ORDERED**.

**SIGNED** on February 10, 2026.

_____
ORLANDO L. GARCIA
United States District Judge